UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS X. KITCHENER, JR.; BRYAN
ALDERSON; JANETTE ALDERSON; DAVID
CARMICHAEL; PATRICIA CARMICHAEL,

                Plaintiffs,

-vs-                              Case No.  2:06-cv-553-FtM-29SPC

GENERAL ELECTRIC CO.,

                Defendant.
_____

## ORDER

This matter comes before the Court on the Plaintiffs Bryan and Janette Alderson and Patricia Carmichael's Motion to Strike and Remove Docket Entries # 71 and # 72    (Doc. #74) filed on August 27, 2007.  The Plaintiffs conferred with the Defendants who do not oppose the requested relief.

On August 24, 2007, the Plaintiffs filed their Motion for Class Certification (Doc. # 71), memorandum of law (Doc. # 72), and accompanying attachments.  The documents contained in the Motion for Class Certification and supporting memorandum of law contained confidential information in violation of the Party's confidentiality agreement.  The Plaintiffs state the confidential information was inadvertently entered.  The Plaintiffs now move to strike both docket entries to correct the inadvertent disclosure.

Federal Rule of Civil Procedure 12(f) provides that the Court may order "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. Harvey v. Home Depot U.S.A., Inc., 2005 WL 1421170 (M.D. Fla. June 17, 2005).  In evaluating

a motion to strike, the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. Harvey, 2005 WL 1421170 (citing Scelta v. Delicatessen Support Services, Inc., 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997).

Since the Motion to Strike is filed by the Plaintiffs to correct an inadvertent disclosure of confidential information and the Motion is unopposed, the Court finds good cause to strike the docket entries and remove the documents from Court's electronic filing system.

Accordingly, it is now

**ORDERED:**

The Plaintiffs Bryan and Janette Alderson and Patricia Carmichael's Motion to Strike and Remove Docket Entries # 71 and # 72 (Doc. #74) is **GRANTED**.

(1) The Plaintiff's Motion for Class Certification (Doc. # 71) and Memorandum of Law in Support of Class Certification (Doc. # 72) are hereby **STRICKEN**.

(2) The Clerk of the Court is directed to remove the Plaintiff's Motion to Certify Class (Doc. # 71) and the Declaration of Alexander E. Barnett and attached Memorandum of Law and other accompanying documents (Doc. # 72) from the Courts electronic filing system.

**DONE AND ORDERED** at Fort Myers, Florida, this   6th   day of September, 2007.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record