```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

BRYAN and JANETTE ALDERSON; and
DAVID and PATRICIA CARMICHAEL, on
behalf of themselves and all others
similarly situated,

                Plaintiffs,

vs.                              Case No.  2:06-cv-553-FtM-29SPC

GENERAL ELECTRIC CO.,

                Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Transfer Action (Doc. #60), filed on July 25, 2007. Plaintiffs filed an Opposition (Doc. #65) on August 17, 2007. The current operative pleading is the Third Amended Class Action Complaint (Doc. #56), filed on July 11, 2007, which dismissed the only Florida plaintiff, Francis X. Kitchener. A Motion to Dismiss (Doc. #73) was filed on August 24, 2007, and plaintiff filed a Motion for Class Certification (Doc. #75) on August 27, 2007.[1]

Defendant moves to transfer this action, arguing that no Florida nexus exists; that Arkansas is the more appropriate venue and most convenient for the parties and witnesses. Plaintiff

---

[1] Also pending before the Court are defendant's Motion to Strike the Jerry James Report From Plaintiffs' Reply Brief (Doc. #107) and plaintiff's Motion for Status Conference (Doc. #112).

responds that the motion is simply a delay tactic[2], defendant has failed to meet its burden, and that this Court is already familiar with the pleadings.

I.

The Third Amended Complaint alleges that plaintiffs Bryan and Janette Alderson are citizens of Bentonville, Arkansas and purchased their GE refrigerator in Arkansas.  (Doc. #56, ¶ 9.)  Plaintiffs David and Patricia Carmichael are citizens of Arizona and obtained their GE refrigerator with the purchase of their second home in Arkansas.  (Id. at ¶ 10.)  Defendant General Electric Co. (GE or defendant) is a New York corporation with its principal place of business in Easton, Connecticut and it manufactures and sells refrigerators in Arkansas and throughout the United States of America.  (Id. at ¶ 11.)  The putative class is defined as "[a]ll persons in Arkansas who purchased a GE, side-by-side refrigerator, manufactured since 2000."  (Id. at ¶ 12.)  Plaintiffs seek damages under Arkansas's deception and unconscionable trade practices law, ARK. CODE § 4-88-107(10); damages for negligence directly and proximately caused by a defect in the refrigerators; and damages under ARK. CODE § 4-86-102 for the defective condition of the refrigerators.

---

[2]The Court rejects this basis as the motion was filed shortly after the Third Amended Complaint was filed without the Florida plaintiff.

GE's Senior Litigation Counsel, by way of Declaration (Doc. #61-2), states that its employees and operations are located in Louisville, Kentucky; the refrigerators were manufactured in Celaya, Mexico; and the refrigerators were sold, installed, and will be repaired in Arkansas.

## II.

Under Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The § 1404 transfer analysis has two steps: (1) does the district to which the moving party seeks the transfer meet the requirement of being one where the case "might have been brought; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."  As to the first step, plaintiffs do not dispute that the action could have been brought in the Western District of Arkansas (Doc. #65, p. 5).  Additionally, GE admits to being subject to jurisdiction in Arkansas (Doc. #60, p. 4), the purported class is limited to Arkansas, and the statutory claims are under Arkansas law.  Therefore, the Court finds that the case "might have been brought" in Arkansas.

As to the second step, the Court may consider several factors, including: (1) the plaintiff's choice of forum; (2) the convenience

of the parties and witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)(citation omitted). The moving party has the burden of showing that a transfer is warranted. See Thermal Tech., Inc. v. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003).

**(1) Choice of forum, Weight Accorded:** In the Eleventh Circuit there is a "strong presumption against disturbing plaintiffs' initial forum choice." SME Racks, Inc. v. Sistemas Macaniocos Para Electornica, S.A., 382 F.3d 1097, 1100 (11th Cir. 2004). Plaintiff initiated this action in the State of Florida based on the presence of a named plaintiff with citizenship in Florida. That plaintiff has since been voluntarily dismissed and the Court is not inclined to give the same deference to this forum since it is no longer a "home forum" without the Florida plaintiff. See La Seguridad v. Transytur Line, 707 F.2d 1304, 1307 (11th Cir. 1983). Plaintiff argues that this case was filed here because the Court presided over a settlement in a similar class action against

GE.[3]  Plaintiff's choice of forum does not include a choice of presiding judge.  Therefore, the Court rejects this as a basis to maintain jurisdiction over the case.

**(2) Convenience of Parties and Witnesses**: Plaintiffs argue that GE has failed to carry its burden that travel expenses would be minimized by transferring venue to Arkansas.  As stated by plaintiffs, depositions are scheduled to occur in Arkansas for all named plaintiffs pursuant to an agreement. Additionally, the Court rejects plaintiff's argument that GE failed to offer "a scintilla of proof" that Fort Myers, Florida is not closer to Arizona or Kentucky then Bentonville, Arkansas.[4]  Plaintiffs proffer a July 17, 2007 Wall Street Journal article regarding the high cost of airfare prices to airports in and around Bentonville, Arkansas. (Doc. #66-23, Exh. W.)  Contrary to plaintiff's averments, the Court finds that the presence of plaintiffs, or the presence of a second home, *in Arkansas* actually minimizes costs for the parties

---

[3]Although the undersigned entered the Opinion and Final Order (2:05-cv-186-FTM-99DNF; Doc. #95), all preliminary matters were handled by another judge who transferred to the Jacksonville Division of the Middle District of Florida.  In any event, it was by random assignment that the undersigned received this case.

[4]The Court takes judicial notice of the fact that the distance between Louisville, Kentucky and Bentonville, Arkansas is approximately 591 miles; the distance between Louisville, Kentucky and Bella Vista, Arkansas is approximately 583 miles; the distance between Fort Myers, Florida and Bentonville, Arkansas is approximately 1,309 miles; the distance between Fort Myers, Florida and Bella Vista, Arkansas is approximately 1,315 miles; the distance between Fort Myers, Florida and Louisville, Kentucky is approximately 1,000 miles; and the distance between Fort Myers, Florida and Arizona State is approximately 2,360 miles.

as they would not have to use the airports to fly to Fort Myers, Florida. Additionally, the article fails to provide details on how the estimations were derived, i.e., whether booked in advance, during peak periods, or from what starting point. The Court further rejects and will not consider the convenience of counsel. The presence of Florida counsel is not a basis to maintain venue in this court.

Plaintiffs state that the refrigerators are currently located in Tampa, Florida, at the offices of plaintiffs' expert witness. (Doc. #66, ¶ 43.) As of January 30, 2008, merit discovery had not started and expert reports had not been completed. (See Doc. #111.) Therefore, plaintiffs' argument regarding the convenience of their expert is not persuasive.

**(3) Location of Documents, Ease of Access, Locus of Operative Facts**: Plaintiffs argue that documents are not a basis for transfer as the parties have already exchanged documents. Defendant argues that the majority of its documents will "likely be in GE's possession located in Louisville, Kentucky", and "plaintiffs' documents would be in Arkansas." (Doc. #60, p. 6.) To the extent that documents or witnesses remain to be produced, the convenience factor weighs in favor of transfer. To the extent that discovery is now primarily electronic, the location of documents has a minimal impact on the issue of transfer.

**(4) Availability of Process to Compel Unwilling Witnesses:** Plaintiff concedes that the Arkansas-based witnesses would be easier to compel if the case were transferred, and the Court finds that the cost associated with travel to Florida for the repair personnel and other third-party witnesses in the area would be excessive if the case were not transferred.

**(5) Relative Means of the Parties:** No one disputes that GE clearly has vast resources that exceed the resources of plaintiffs, however, the cost would be reduced if plaintiffs were to remain at home or closer to their home with local counsel. Therefore, this factor weighs in favor of transfer.

**(6) Forum's Familiarity with Governing Law:** In this case, Arkansas state law is largely controlling, and the Western District of Arkansas is in a better position to consider its own state's law. See <u>Kafack v. Primerica Life Ins. Co.</u>, 934 F. Supp. 3, 8 (D.D.C. 1996)("interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake.")

**(7) Trial, Interests of Justice, Totality of Circumstances:** Based on a review of all the above factors and a review of the current status of the case, the Court finds that most if not all factors weigh heavily in favor of a transfer. Dispositive motions have not yet been considered, merit discovery has not commenced, and no class has been certified, therefore the parties would suffer no

prejudice.  In the interests of justice and in the Court's discretion, the case will be transferred.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion to Transfer Action (Doc. #60) is **GRANTED** and the case is transferred to the Western District of Arkansas for all further proceedings.  The Clerk shall immediately transfer the contents of this file to that District, terminate all remaining deadlines and motions herein, and close the Fort Myers file.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of February, 2008.

JOHN E. STEELE
United States District Judge


Copies:
Hon. Sheri Polster Chappell
Counsel of record
DCCD