IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRYAN AND JANETTE
ALDERSON and DAVID and
PATRICIA CARMICHAEL,
on behalf of themselves and all
others similarly situated                                    PLAINTIFFS

    vs.               CASE No. 08-5074

GENERAL ELECTRIC CO.                                          DEFENDANT

## O R D E R

Now on this 29th day of July, 2008, comes on to be considered the defendant's **motions to dismiss (Docs. 73, 122),** and the responses and replies thereto. The Court, being well and sufficiently advised, finds and orders as follows:

1. Plaintiffs originally brought this action against General Electric Co. (hereinafter "GE") in the United States District Court for the Middle District of Florida, Ft. Myers Division. Plaintiffs' Third Amended Complaint asserts claims in connection with allegedly defective refrigerators designed, manufactured, marketed, advertised, warranted and sold by GE. (Doc. 56) Specifically, plaintiffs allege that they purchased GE refrigerators which contained a defect that results in the freezing, and, often, cracking, of the water filter and causes problems with water dispensing, ice dispensing, freezing of vegetables, fresh food becoming too cold, and flooding of water from cracked filters. The plaintiffs further allege that the defect reduces the effectiveness

1

and performance of the refrigerators and renders them unable to perform the ordinary purposes for which they are used.

2.    The individual plaintiffs, (Bryan Alderson and Janette Alderson, residents of Bentonville, Arkansas; and David Carmichael and Patricia Carmichael, residents of Arizona) seek to bring the action on behalf of themselves, as well as on behalf of all persons in Arkansas who purchased a GE side-by-side refrigerator manufactured since 2000.

3.    GE originally moved to dismiss plaintiffs' complaint while this matter was still pending in the Middle District of Florida. (Doc. 73) Since transfer to this Court, GE has submitted **Defendant General Electric Company's Amended and Substituted Motion to Strike Class Allegations and Partial Motion to Dismiss the Third Cause of Action of the Third Amended Class Action Complaint** (Doc. 122).

Because it is the Court's understanding from the pleadings and from representations of counsel that, with the filing of the amended and substituted motion, GE has abandoned any additional arguments set forth in the original motion, **Defendant General Electric Company's Motion to Dismiss the Third Amended Complaint or, in the Alternative, to Strike Class Allegations and Incorporated Memorandum of Law** (Doc. 73) should be, and it hereby is, **deemed moot, and denied as such.**

In this Order, the Court will, therefore, address only GE's

arguments set forth in its amended and substituted motion to dismiss (Doc. 122).

4.    In the instant motion to dismiss, GE:

*    moves to strike the class allegations set forth in the Third Amended Complaint; and,

*    moves to dismiss the third cause of action asserted in the Third Amended Complaint.

5.    <u>Standard of Review</u> – A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if it appears beyond doubt that the plaintiffs can prove no set of facts entitling them to relief.  <u>See</u> <u>Katun Corp. v. Clarke</u>, 484 F.3d 972, 975 (8th Cir. 2007).  This Court assumes as true all factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiffs.  <u>Id.</u>

## MOTION TO STRIKE CLASS ALLEGATIONS

6.    According to Rule 23 of the Federal Rules of Civil Procedure,

> [a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.

Fed. R. Civ. P. 23(c)(1)(A).  Under this rule, GE moves to strike the class allegations set forth in the Third Amended Complaint. Citing <u>General Telephone Co. of Southwest v. Falcon</u>, 457 U.S. 147, 160 (1982) and other cases, GE argues that, at times, it is determinable from the pleadings whether a case can be maintained as

a class action.

Although the Court agrees that, under certain circumstances class allegations can be stricken from the pleadings prior to discovery on the certification issue, the Court notes: 1) that significant discovery has already been conducted in this case concerning class certification; and, 2) that the plaintiffs have already filed a motion for class certification which has been fully briefed by the parties. In the interest of judicial economy the Court, therefore, finds that GE's motion to strike the class allegations should be, and it hereby is, **denied**.

The Court will, instead, analyze class action status in conjunction with the pending motion for class certification.

### MOTION TO DISMISS THE THIRD CAUSE OF ACTION[1]

7. The Third Cause of Action of plaintiffs' complaint seeks recovery under Ark. Code Ann. § 4-86-102. Under Ark. Code Ann. § 4-86-102:

> (a) A supplier of a product is subject to liability in damages for harm to a person or to property if:
> > (1) The supplier is engaged in the business of manufacturing, assembling, selling, leasing, or otherwise distributing the product;
> > (2) The product was supplied by him or her in a defective

---

[1] The Court notes that, in their response to GE's motion, plaintiffs attached several exhibits which constitute material beyond the pleadings. The Court, however, has disregarded that material and did not consider it for this ruling. The instant motion will *not*, therefore, be converted to one for summary judgment. <u>Stahl v. U.S. Dept. of Agriculture</u>, 327 F.3d 697 (8th Cir. 2003)("'[t]he court has complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) morion.'"(citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366, at 491 (2d ed. 1990)).

condition that rendered it unreasonably dangerous; and
(3) The defective condition was a proximate cause of the
harm to a person or to property.

GE argues that "[a]ny alleged performance problem complained of here cannot plausibly be considered 'unreasonably dangerous' sufficient to support a claim" under the law. GE points to both Berkeley Pump Co. v. Reed-Joseph Land Co., 653 S.W.2d 128 (Ark. 1983) and Purina Mills, Inc. v. Askins, 875 S.W.2d 843 (Ark. 1994) for instructional support.

The relevant portions of plaintiffs' complaint include the following allegations:

> 47. GE is a supplier engaged in the business of manufacturing, assembling, selling, leasing, or otherwise distributing the Refrigerators.

> 48. The Refrigerators were supplied by GE in a defective condition that results in the freezing, and, often, cracking, of the water filter and causes, among other things: intermittent and/or no water dispensing; intermittent and/or no ice dispensing; freezing of vegetables; fresh foods becoming too cold; and flooding of water from the cracked filter, which, in turn, leads to water and property damage to the home.

> 49. The Refrigerators' defective condition rendered them unreasonably dangerous because the defect caused Plaintiffs and the class to experience flooding and water and property damage to the home and/or spoliation of food.

> 50. As a result of the foregoing, the Plaintiffs and Members of the Class have suffered damages that were directly and proximately caused by the defective Refrigerators.

(Third Amended Complaint, Doc. 56, ¶¶ 47-50).

Viewing these allegations and the inferences to be drawn

therefrom in plaintiffs' favor, the Court finds that the plaintiffs have sufficiently set forth a strict liability products claim. The Court, therefore, finds that GE's motion to dismiss the Third Cause of Action should be, and it hereby is, **denied.**

### CONCLUSION

8.    Based on the foregoing, the Court will order as follows:

\*    that **Defendant General Electric Company's Motion to Dismiss the Third Amended Complaint or, in the Alternative, to Strike Class Allegations and Incorporated Memorandum of Law** (Doc. 73) should be, and it hereby is, **deemed moot, and denied as such;** and,

\*    that **Defendant General Electric Company's Amended and Substituted Motion to Strike Class Allegations and Partial Motion to Dismiss the Third Cause of Action of the Third Amended Class Action Complaint** (Doc. 122) should be, and it hereby is, **denied.**

**IT IS SO ORDERED.**

/S/JIMM LARRY HENDREN
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE